Paige Pembrook (SBN 305610)
Email: paige@tectoniclaw.com
Hannah Stitt (SBN 309349)
Email: hannah@tectoniclaw.com
TECTONIC, LLP
3929 24th Street, Suite 3
San Francisco, CA 94114
Phone: (628) 203-8479

*Attorneys for Plaintiff*
*Zachary Cole*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY COLE, an individual, <br><br>　　　　　Plaintiff, <br>　vs. <br><br>ALDO JOVANNY OLIVARES, individually and DBA Dark Denim; and DOES 1-10, inclusive, <br><br>　　　　　Defendants. | Case No.: 2:23-cv-01701 <br><br>**COMPLAINT FOR:** <br><br>1. **Copyright Infringement** <br>2. **Breach of Contract** <br>3. **Breach of Implied Covenant of Good Faith and Fair Dealing** <br>4. **Promissory Estoppel** <br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zachary Cole ("Plaintiff"), by and through his undersigned attorneys, brings this Complaint against Defendants Aldo Jovanny Olivares, individually and doing business as Dark Denim (collectively, "Defendants"), and DOES 1 to 10 (collectively with Defendants, "All Defendants"). Plaintiff alleges on personal knowledge as to his own actions and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants (collectively, the "Parties"), based on Defendants' willful and unauthorized use of Plaintiff's copyrighted works on clothing merchandise, in violation of and in excess of any license implied in the Parties' agreement, whereby Defendants promised to make merchandise for Plaintiff.

2. Plaintiff is an individual who creates original artwork and logos for merchandise, including merchandise to promote Plaintiff's own businesses.

3. Defendants gained access to Plaintiff's copyrighted works through an agreement between the Parties (the "Agreement"), which provided that Defendants would produce merchandise for Plaintiff featuring Plaintiff's copyrighted works, pursuant to a limited license regarding those copyrighted works.

4. Against the terms of the Agreement, Defendants sold the merchandise featuring Plaintiff's copyrighted works, without permission or consent from Plaintiff, without compensation to Plaintiff, and in excess of any limited license.

## PARTIES

5. Plaintiff is an individual residing in Los Angeles County, California.

6. On information and belief, Defendant Aldo Jovanny Olivares is an individual residing Los Angeles County, California.

7. On information and belief, Defendant Aldo Jovanny Olivares is the sole proprietor of a business operating under the fictitious business name "Dark Denim" (collectively, "Defendants").

8. The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Defendants when Plaintiff has ascertained the same. On information and belief, Plaintiff alleges that each of the fictitiously named Defendants was responsible in some manner for the acts and omissions alleged herein and are liable to Plaintiff therefor.

9. On information and belief, in doing that acts hereinafter alleged, each Defendant acted individually, and as the agent, employee, and/or representative of each of the other Defendants; and each Defendant was at all times acting within the scope of said agency, representation, or employment relationship with the advanced knowledge, acquiescence, or subsequent ratification of each and every other Defendant.

## JURISDICTION AND VENUE

10. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. Subject matter jurisdiction is based on 28 U.S.C. § 1331 and 1338(a), and the principles of pendant jurisdiction pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over Defendants, because Defendants do sufficient business in this Judicial District and have sufficient minimum contacts in this Judicial District to render jurisdiction over Defendants by this Court consistent with traditional notions of fair play and substantial justice. Upon information and belief, Defendants reside in and regularly do business within this Judicial District

12. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(a), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District, and because Defendants are subject to personal jurisdiction in this Judicial District by virtue of their residing, transacting, and/or soliciting business in this Judicial District. Upon information and belief, Defendants reside in this Judicial District, further supporting venue in this Judicial District.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Throughout 2021 and early 2022, Plaintiff created two-dimensional artwork images (collectively, the "Images"), with the intent to use the Images for various purposes, including printing the Images on clothing and other merchandise. True copies

of the Images are attached as Exhibit A.

2. Plaintiff's Images are original, creative works in which Plaintiff holds copyrights. Moreover, Plaintiff's Images are commercially valuable insofar as consumers express interest in clothing and other merchandise featuring the Images.

3. Plaintiff is the owner of three copyright registrations based on the Artworks: Registration No. VA 2-307-930 (a true copy is attached as Exhibit B), Registration No. VA 2-307-932 (a true copy is attached as Exhibit C), and Registration No. VA 2-307-939 (a true copy is attached as Exhibit D). Collectively, the Copyrighted Artworks are referred to herein as the "Copyrighted Works."

4. On information and belief, Defendants manufacture and sell clothing merchandise under the fictious business name "Dark Denim," which has not been registered Dark Denim as either a legal entity or fictitious business name in California.

5. On or around March 24, 2022, through an exchange of text messages and phone calls, Plaintiff and Defendants entered into the Agreement. Pursuant to the Agreement, Defendants would manufacture clothing merchandise featuring the Copyrighted Works. True copies of text messages, showing or forming parts of the Agreement, are attached as Exhibit E.

6. According to the Agreement, Plaintiff agreed to the following obligations: to pay an initial deposit to the Defendants of $2000; to provide Defendants with images of the Copyrighted Works for the sole purpose of producing merchantable clothing for Plaintiff; to pay an additional deposit of $500 upon receiving merchantable samples from Defendants; and, following Plaintiff's approval of the quality of the samples, to pay a balance due upon Defendants' delivery of the full order of clothing ($4800, minus any advanced deposits which applied towards the total balance due).

7. Defendants agreed to the following obligations: to use Plaintiff's images of the Copyrighted Works for the sole purpose of producing merchantable clothing for Plaintiff; to produce samples of merchantable clothing featuring the Copyrighted Works following an initial deposit; and to provide the full order of merchantable clothing following Plaintiff's approval of the samples.

8. On or around March 24, 2022, according to the terms of Agreement, Plaintiff paid the initial deposit to Defendants by providing $2000 in cash to Defendants. Around the same time, Plaintiff also provided Defendants with images of the Copyrighted Works for the sole purpose of producing merchantable clothing for Plaintiff. Defendants accepted Plaintiff's deposit and Plaintiff's images of the Copyrighted Works.

9. Following Plaintiff's payment of the initial deposit, the Parties communicated about digital proofs of the merchandise using the Copyrighted Works. True copies of text messages showing such communications are attached as Exhibit F.

10. Based on the digital proofs, the Parties also advertised the upcoming production of merchandise featuring the Copyrighted Works on their respective social media pages. True copies of such advertisements are attached as Exhibit G.

11. Despite this promising beginning, Defendants began to deviate from the terms of the Agreement without consulting with Plaintiff. First, Defendants failed to deliver samples of merchantable clothing for Plaintiff's approval. Indeed, Defendants never delivered samples for Plaintiff's approval at all, prior to declaring to Plaintiff that the full order of merchandise was ready for inspection.

12. On or around April 13, 2022, Defendants told Plaintiff that the job was purportedly finished, even though Plaintiff never received or approved samples.

13. On or around April 14, 2022, Plaintiff inspected the full order of clothing at Defendants' office in Los Angeles. The clothing that Defendants produced was unmarketable and unsellable at a reasonable price point, because the clothing featured defects, including being misprinted and double printed. When washed, the ink ran out of the clothing and damaged other clothing. Collectively, this clothing that Defendants produced featuring the Copyrighted Works is referred to as the "Defective Merchandise."

14. Initially, Defendants agreed with Plaintiff that Defendants had failed to deliver merchantable clothing as promised to Plaintiff. Defendants apparently agreed with Plaintiff's assessment that the Defective Merchandise did not fulfill the Agreement.

15. On or around May 19, 2022, Defendants agreed to refund Plaintiff's deposit, because Defendants failed to deliver merchantable clothing as promised to Plaintiff, as the Defective Merchandise did not fulfill the terms of the Agreement.

16. On or around May 31, 2022, Defendants returned half the deposit to Plaintiff. Defendants never provided the second half of the refund to Plaintiff. True copies of text messages reflecting the partial refund are attached as Exhibit H.

17. On or around June 6, 2022, Plaintiff learned that Defendants, without seeking any permission or consent from Plaintiff, sold the Defective Merchandise featuring the Copyrighted Works through Defendants' website. On Defendants' Instagram and website, Defendants advertised the proof images of the Defective Merchandise featuring the Copyrighted Works for sale at nominal prices (i.e., $1.00 and $5.00). In doing so, Defendants clearly exceeded the limited rights granted to him by the Agreement. True copies of Defendants' advertisements are attached as Exhibit I.

18. Plaintiff never granted Defendants unlimited and infinite rights to exploit Plaintiff's Copyrighted Works generally and in perpetuity. Plaintiff did not bargain for, nor did he obtain any purchase price for, Defendants' usurpation of Plaintiff's rights.

19. Plaintiff attempted to appeal to Defendants to stop this unlawful exploitation of Plaintiff's Copyrighted Works without resort to litigation, to no avail.

20. In response to Plaintiff's settlement efforts, Defendants attempted to obscure their malfeasance in several ways, including marketing the Defective Merchandise as "Mystery Boxes" which were later advertised as being sold out. True copies of such advertisements are attached as Exhibit J.

21. Plaintiffs purchased a Mystery Box to check whether it included the Defective Merchandise. Defendants cancelled Plaintiff's order. Plaintiff arranged to purchase a Mystery Box through a friend, which Defendants allowed to go through, which confirmed that the Mystery Box contained the Defective Merchandise. True images of Defective Merchandise purchased via a Mystery Box is attached as Exhibit K.

22. Based on Defendants' representations on social media that they were "sold out," Defendants sold every item of Defective Merchandise featuring one of the

Copyrighted Works. Based on the original order in the Agreement, the Defective Merchandise sold included 96 infringing hooded sweatshirts, 98 shirts, and 48 joggers.

23. Plaintiff has no choice but to seek relief in the Court.

# FIRST COUNT
## Copyright Infringement, 17 U.S.C. § 501 et. seq.
### *(Against All Defendants)*

24. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

25. As set forth in the preceding paragraphs, Plaintiff is the owner and proprietor of all right, title, and interest in the Copyrighted Works.

26. The Copyrighted Works are comprised of wholly original material and have been deemed copyrightable subject matter under the copyright laws of the United States.

27. With full knowledge of the Plaintiff's rights therein, Defendants infringed the Copyrighted Works by displaying, distributing, and selling over 200 items of infringing Defective Merchandise that is substantially similar to the original Copyrighted Works, in violation of the terms of the Agreement and without payment to Plaintiff. Such copying and distribution were without the consent, approval, or license of Plaintiff.

28. Defendants' unauthorized distribution, sale, and display of over 200 items of the Defective Merchandise violated Plaintiff's exclusive rights under § 106 of the Copyright Act. Each unauthorized distribution, sale, and display of Defective Merchandise infringed upon one of the Copyrighted Works.

29. Defendants' unauthorized distribution, sale, and display of over 200 items of the Defective Merchandise constituted a willful and deliberate infringements of Plaintiff's rights and caused damage to Plaintiff.

30. Defendants' acts of infringement caused Plaintiff irreparable injury.

31. Upon information and belief, unless enjoined by this Court, Defendants will continue their acts of infringement.

32. Plaintiff has no adequate remedy at law.

33. As a result of Defendants' infringement, Plaintiff sustained and will

continue to sustain substantial injury, loss, and damage to its copyright and/or its exclusive rights to its original works of authorship.

## SECOND COUNT
### Breach of Contract
### *(Against Defendants)*

34. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. As set forth in the preceding paragraphs, Plaintiff and Defendants entered a valid, enforceable, and binding written and oral contract, herein called the "Agreement."

36. Pursuant to the Agreement, Plaintiff agreed to pay a deposit, to allow Defendants to use Plaintiff's Copyrighted Works for the limited purpose of making clothing for hire, and to pay for the balance due upon delivery of merchantable clothing featuring Plaintiff's Copyrighted Works, which would belong to Plaintiff.

37. Pursuant to the Agreement, in exchange for Plaintiff's consideration, Defendants agreed to use Plaintiff's Copyrighted Works for the limited purpose of making merchantable clothing for hire for Plaintiff.

38. Plaintiff fulfilled his obligations under the Agreement or was excused from doing so.

39. All conditions required for Defendants' performance under the Agreement occurred or were excused.

40. Defendants materially and substantially breached the Agreement. Specifically, Defendants breached their obligation to deliver merchantable clothing to Plaintiff, or, alternatively in the light of defects, fully refund Plaintiff's deposit.

41. Defendants also breached their obligation to use Plaintiff's Copyrighted Works for the limited purpose of producing clothing for Plaintiff, when Defendants sold that same clothing for Defendant's own profits without Plaintiff's permission.

42. As a result of Defendants' breaches of the Agreement, Plaintiff incurred general damages in an amount to be determined at trial. The general damages flow directly from and are the natural and probable consequences of Defendants' breaches.

43. As a result of Defendants' breaches, Plaintiff incurred special damages in an amount to be determined at trial. The damages were foreseeable and within the contemplation of the parties before or at the time the Agreement was made.

### THIRD COUNT

### Breach of the Implied Covenant of Good Faith and Fair Dealing

*(Against Defendants)*

44. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

45. As set forth in the preceding paragraphs, Plaintiff and Defendants entered a valid, enforceable, and binding written and oral contract, herein called the "Agreement."

46. Plaintiff fulfilled his obligations under the Agreement or was excused from doing so.

47. All conditions required for Defendants' performance under the Agreement occurred or were excused.

48. Defendants prevented Plaintiff from receiving the benefit of the Agreement by failing to deliver merchantable clothing to Plaintiff or fully refund Plaintiff's deposit.

49. Defendants also prevented Plaintiff from receiving the benefit of the Agreement by selling the Defective Merchandise without permission from Plaintiff or payment to Plaintiff.

50. By taking the aforementioned actions (or failing to take needed actions), Defendants did not act fairly or in good faith.

51. Plaintiff was harmed by Defendants conduct.

### FOURTH COUNT

### Promissory Estoppel

*(Against Defendants)*

52. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

53. In the alternative to Plaintiff's breach of contract claim, Plaintiff alleges that Plaintiff is entitled to recover under the doctrine of promissory estoppel if it is

determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendants, or the existing contract is void, invalid, or unenforceable.

54. As set forth in the preceding paragraphs, Defendants made unambiguous written and oral promises to Plaintiff. Specifically, Defendants agreed to use Plaintiff's Copyrighted Works for the limited purpose of making merchantable clothing for hire for Plaintiff.

55. Defendants were able to fully perform, fulfill, and carry out the terms and conditions of the promises he made to Plaintiff.

56. It was foreseeable that Defendants' promises would cause or induce Plaintiff to act in reasonable reliance on Defendants' promises.

57. Plaintiff acted in accordance with all directives, instructions, and requests made to him by Defendants.

58. In reliance on Defendants' promises, Plaintiff gave Defendants access to Plaintiff's Copyrighted Works.

59. As a result of Plaintiff's reliance, Plaintiff suffered a substantial change in position. Specifically, Plaintiff lost control of the use and dissemination of Plaintiff's Copyrighted Works, and Plaintiff lost half of his deposit paid for the clothing.

60. In the alternative to Plaintiff's breach of contract claim, injustice can be avoided only by enforcement of the Defendants' promises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff against All Defendants, and order relief as follows:

A. An award for Plaintiff's actual damages and for disgorgement of All Defendants' profits, or at Plaintiff's election, statutory damages in an amount up to $150,000 for each of the Copyrighted Works infringed upon, under 17 U.S.C. § 504;

B. An award for Plaintiff's general and special damages in an amount determined according to proof at trial;

C. An accounting and disgorgement of All Defendants' profits and gains from

their unlawful acts;

  D. An award of Plaintiff's costs and reasonable attorney's fees;

  E. An award of post-judgment interest;

  F. An order that All Defendants be permanently enjoined from infringing the Copyrighted Works;

  G. An order for the impoundment and destruction of all of the infringing clothing containing copies of the Copyrighted Works; and

  H. That Plaintiff is granted such further relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

DATED: March 7, 2023  TECTONIC LLP

        By: /s/ Paige Pembrook

        Paige Pembrook (SBN 305610)
        Email: paige@tectoniclaw.com
        Hannah Stitt (SBN 309349)
        Email: hannah@tectoniclaw.com
        3929 24th Street, Suite 3
        San Francisco, CA 94114
        Phone: (628) 203-8479

        *Attorneys for Plaintiff*
        *Zachary Cole*